UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. BURNETT, #200640,

    Plaintiff,                               Civil Action No. 18-CV-11063

vs.                                        HON. BERNARD A. FRIEDMAN

ANTHONY WALSH, et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT

Plaintiff is a pro se prison inmate whose application for leave to proceed in forma pauperis has been granted. The case is presently before the Court on the Court's own review of the complaint.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact" or if it presents "clearly baseless" facts or "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989).

Plaintiff alleges that defendants Walsh, McKinney, and Holcomb (all captains at the prison where plaintiff is incarcerated) "physically assaulted me by

defecating, urinating, and ejaculating in my mouth." *Id.* ¶ 37. These assaults, which allegedly "occur every day and on every shift despite my protest," have aggravated plaintiff's Gastro Esophageal Reflux Disease and cause him "to suffer intense chest pain." *Id.* ¶¶ 27-29. Defendants Eelbode and George (plaintiff's psychologist and psychiatrist, respectively) allegedly "sought to punish me by prescribing more anti-psychotic medication to me for using the grievance system to complain about defendants Walsh, McKinney, and Holcomb and Does 1 through 3 pulling down their pants to defecate and urinate and ejaculate in my mouth." *Id.* ¶ 47. Plaintiff indicates that he has been diagnosed with paranoid schizophrenia, that he has "a long history of paranoid schizophrenia and delusions of officers putting feces on my face," that he has "been tried on a variety of antipsychotic medications in the past," and that "I still think officers put feces on my face, but I know how to deal with it, and does not bother me." Compl. ¶¶ 35, 49-51. For relief, plaintiff seeks damages and "an injunction ordering defendants Walsh, McKinney, and Holcomb or their agents to immediately stop physically assaulting plaintiff with feces and other bodily fluids."

These allegations appear to be delusional products of plaintiff's mental illness. They fall squarely within the Supreme Court's definition of frivolousness, as the are "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order is denied as moot.

Dated: April 26, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2018.

s/Johnetta M. Curry-Williams  
Case Manager