UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BURNETT,

                Plaintiff,          Civil Action No. 18-11063

v.                                      Bernard A. Friedman
                                      United States District Judge

ANTHONY WALSH, *et al.*,       David R. Grand
                                        United States Magistrate Judge

                Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 67)**

**and**

**REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*,
PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER 28 U.S.C. § 1915(e)**

**I.    REPORT**

    **A.    Background**

On April 2, 2018, *pro se* plaintiff Michael Burnett ("Burnett"), an incarcerated person, filed a complaint pursuant to 42 U.S.C. § 1983 against several individuals employed at the Macomb Correctional Facility (collectively "Defendants"), where Burnett previously was housed.[1] (ECF No. 1). On April 20, 2018, Burnett was granted leave to proceed *in forma pauperis* in this matter. (ECF No. 6).

---

[1] This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 65).

On June 21, 2022, Burnett filed a Motion for Leave to File Second Amended Complaint.[2] (ECF No. 67). In his Second Amended Complaint, Burnett alleges that between July 2016 and April 2018, while he was incarcerated at the Macomb Correctional Facility, Defendants Walsh, McKinney, Holcomb, Ransom, and John/Jane Doe forced him to eat human feces, directed racial slurs at him, and were otherwise deliberately indifferent to his health and safety, in violation of the Eighth Amendment. (*Id.*, PageID.476-78). Burnett further alleges Defendant McKinney sexually assaulted him by "putting semen in [his] mouth, on three separate occasions." (*Id.*, PageID.476). Burnett also claims Defendants George and Eelbode retaliated against him by prescribing him anti-psychotic medications and by falsifying his medical records to wrongly label him as "delusional" and having a history of "paranoid schizophrenia and delusions of officers putting feces on [his] face." (*Id.*, PageID.477-486).

Underpinning all of Burnett's allegations in the Second Amended Complaint are claims that Defendants "were using an unfamiliar security device to commit the assaults" described above. (*Id.*, PageID.477). Specifically, Burnett asserts that "the unknown security device is a radio controlled device that the defendants are using to communicate with me and put human waste in my mouth." (*Id.*, PageID.480). Burnett alleges that Defendants conspired "to keep the unfamiliar security device a secret, by agreeing with one another not to disclose the existence of the security device to me" and to "label me as

---

[2] Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Consequently, **IT IS ORDERED** that Burnett's Motion for Leave to File Second Amended Complaint **(ECF No. 67)** is **GRANTED**.

delusional when I began to complain about being harmed by the unfamiliar security device." (*Id.*, PageID.478). According to Burnett, "the unfamiliar security device is not documented in the Michigan Department of Corrections [MDOC] Policy Directives, because the MDOC wanted to keep it from being disclosed to the public." (*Id.*, PageID.479). Burnett pleads claims for violation of his First, Eighth, and Fourteenth Amendment rights.

### B. Discussion

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint can be frivolous either factually or legally. *See Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013). The former is found when the complaint relies on "fantastic or delusional" allegations; the latter, when "indisputably meritless" legal theories underlie the complaint. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court is required to construe Burnett's *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, the Court concludes that Burnett's complaint is frivolous and fails to state a claim upon which relief may be granted, and thus, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

In this case, Burnett has now made clear that his claims rest on the assertion that Defendants were using "a radio controlled device" to allegedly put human waste and semen in his mouth and direct racial slurs at him. (ECF No. 67, PageID.476-77, 480).[3] Burnett alleges that Defendants conspired "to keep [this] unfamiliar security device a secret" and to "label [him] as delusional when [he] began to complain about being harmed by the unfamiliar security device." (*Id.*, PageID.478). These allegations are fantastic and delusional and rise to the level of the "irrational or wholly incredible" and need not be credited by the Court. *See Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Indeed, Burnett has raised similar allegations in numerous other cases, and they, too, have been deemed delusional and thus rendered the complaints in those cases subject to dismissal pursuant to § 1915. *See, e.g., Burnett v. Lane*, No. 1:21-cv-462, 2021 WL 2659631, at *3 (W.D. Mich. June 29, 2021) (plaintiff's allegations that the defendants gathered the "ejaculated body waste" of other prisoners and put it in his mouth with "safety systems to lock onto [his] mouth *with prison security technology*" were subject to dismissal as fantastic or delusional) (emphasis added);

---

[3] The Court recognizes that the Sixth Circuit previously held in this case that Burnett's allegations of the defendants putting human waste in his mouth were "far-fetched, [but] [] not so 'fantastical or delusional' that dismissal is justified." (ECF No. 23, PageID.103) (quoting *Neitzke*, 490 U.S. at 328). However, at that time, Burnett had merely alleged that the defendants engaged in that conduct directly. (ECF No. 1). In contrast, in his now-operative complaint, Burnett clarifies that there is an "unknown security device [that] is a radio controlled device that the defendants are using to communicate with [him] and put human waste in [his] mouth." (ECF No. 67, PageID.480). The Sixth Circuit, in its prior order, specifically recognized that such bizarre allegations were delusion. (ECF No. 23, PageID.103) (citing *Dodson v. Haley*, No. 16-6196, 2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (noting that the Sixth Circuit "deem[ed] fantastic a prisoner's allegations that officers and others 'installed 'eye cameras' and 'thought-processing devices' in his body that permitted [them] to read his legal mail and monitor his food[.]'")).

4

*Burnett v. Caruso*, No. 2:10-cv-79, 2010 WL 3851782, at *2 (W.D. Mich. Sept. 27, 2010) (allegations that prison officials used a security device to expose the plaintiff to radioactive urine and stool, which was absorbed through his skin or ingested orally, were fantastic or delusional); *Burnett v. Caruso*, No. 2:08-cv-168, 2009 WL 33470, at *1-3 (W.D. Mich. Jan. 5, 2009) (plaintiff's claims that he was exposed to radioactive ionized excrement, semen, and blood was "irrational, wholly incredible, fantastic, and delusional" and subject to dismissal under § 1915(e)).

For all of these reasons, Burnett's claims against Defendants should be dismissed with prejudice.

## II.    RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Burnett's Second Amended Complaint be **DISMISSED** in its entirety and with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: October 7, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991);

*United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2022.

                                                  s/Kristen Castaneda
                                                  KRISTEN CASTANEDA
                                                  Case Manager