UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BURNETT,
#200640,

      Plaintiff,                    Civil Action No. 18-cv-11063
                                          HON. BERNARD A. FRIEDMAN

vs.

ANTONY WALSH, et al.,

      Defendants.
_____/

## OPINION AND ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION TO DISMISS, SUA SPONTE, PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 78) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 77)

Before the Court are a report and recommendation to dismiss, sua sponte, plaintiff Michael Burnett's second amended complaint (ECF No. 78) and a report and recommendation to deny Burnett's motion for a temporary restraining order (ECF NO. 79). Burnett has filed an objection to the former (ECF No. 84) and defendants have filed a response (ECF No. 85). For the reasons below, the Court will overrule Burnett's objection, adopt the report and recommendation to sua sponte dismiss the second amended complaint, and deny as moot the motion for a temporary restraining order.

In April 2018, Plaintiff Michael Burnett filed this suit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. (ECF Nos. 1, 6). On April 26, 2018, this Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2), finding that Burnett's "allegations appear[ed] to be delusional products of plaintiff's mental illness" and were thus "squarely within the Supreme Court's definition of frivolousness." (ECF No. 11, PageID.59). Burnett appealed. (ECF No. 13).

The Sixth Circuit reversed, finding that Burnett's allegations that defendants Walsh, McKinney, Holcomb and the Jane Does forced him to ingest feces and other bodily fluids were "far-fetched" but not so "fantastical or delusional" to justify dismissal. (ECF No. 23, PageID.103). The Sixth Circuit juxtaposed the present matter to a 2017 case in which that court had deemed "fantastic" a prisoner's allegations that eye cameras and thought processing devices had been installed in his body that allowed officers and others to read his legal mail and monitor his food. (*Id.*). The Sixth Circuit also found that, when liberally construed, Burnett had stated a Fourteenth Amendment claim by alleging that defendants Eelbode and George had threatened to force him to take anti-psychotic medication against his will. (*Id.* at PageID.104). Finally, the Sixth Circuit held that Burnett had stated a First Amendment claim for retaliation by alleging that after he filed a grievance against Walsh, McKinney, and Holcomb, that Eelbode

2

and George had removed him from the law library to question him, decided to increase his medication based on the grievance, and then falsified his medical records by stating that he was delusional and afflicted with schizophrenia. (*Id.*).

Burnett later filed a motion for leave to file a second amended complaint. (ECF No. 67). The second amended complaint again alleges that defendants "directed racial slurs" at Burnett and "put human waste in [Burnett's] mouth," but this time clarifies that they "were using an unfamiliar security device to commit the assaults." (*Id.* at PageID.476-77).¹ The unknown security device, he says, is "a radio controlled device that the defendants are using to communicate with [him] and put human waste in [his] mouth." (*Id.* at PageID.480). Burnett alleges that although he filed grievances regarding racial slurs and the insertion of human waste into his mouth, prison officials did not investigate and instead referred the matter to the mental health staff who placed him on anti-psychotic medication over his objection. (*Id.* at PageID.477, 480-81). He further asserts that he suffered multiple dental injuries "in retaliation for complaining about prison officials['] malicious use of the unfamiliar security device to cause me harm." (*Id.* at PageID.478). Burnett alleges that the defendants "conspired with each other . . . to keep the unfamiliar security device a secret" and that they agreed "to label [him] as

---

¹ The second amended complaint also includes an allegation that defendant McKinney sexually assaulted him by demanding "that [Burnett] suck his penis before putting semen in [Burnett's] mouth, on three separate occasions." (*Id.* at PageID.476).

3

delusional when [he] began to complain about being harmed by the unfamiliar security device." (*Id.*). He urges that the security device is not documented in the policy directives "because the MDOC wanted to keep it from being disclosed to the public." (*Id.* at PageID.479). Acknowledging that he is not at the same facility, he urges that he is "still being assaulted in the same way" and in danger of serious bodily injury. (*Id.*). He again urges that defendants pulled him from the law library to question him about the grievance in order to punish him. (*Id.* at PageID.480-81). Burnett also continues to allege that he took the antipsychotic medication to prevent prison officials from physically forcing him to take it as they allegedly threatened to do. (*Id.* at PageID.481). He asserts that defendants instructed the grievance coordinator to summarily reject each of his grievances and that he has thus been prevented from exhausting his administrative remedies. (*Id.* at PageID.483).

Burnett's allegation that an "unidentified security device . . . is being use[d] to put feces and semen in his mouth and direct racial slurs at him by prison officials" is repeated in his subsequent motion for temporary restraining order (ECF No. 77, PageID.530). In that filing, Burnett requests an order directing defendant Holcomb to contact the Michigan State Police to identify the device. (*Id.*). He additionally asserts that a Doe defendant "put semen in the mouth of plaintiff's mother, when she came to visit him" and attaches what he asserts is a

4

declaration by Ms. Vera Burnett stating as much. (*Id.* at PageID.532, 541). The second page of the declaration, including a signature, appears to have been omitted.

On October 7, 2022, Magistrate Judge David Grand entered an order granting Burnett's motion for leave to file a second amended complaint and a report and recommendation to dismiss, sua sponte, Burnett's second amended complaint. (ECF No. 78).[2] Magistrate Judge Grand recommends dismissing the second amended complaint because it is frivolous and fails to state a claim upon which relief can be granted. (*Id.* at PageID.546).

Although a pro se complaint must be construed liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court *shall* dismiss a case filed in forma pauperis if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). A complaint is factually frivolous when it relies on "fantastic or delusional" allegations. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

---

[2] On October 11, 2022, Magistrate Judge Grand issued a report and recommendation to deny Burnett's motion for a temporary restraining order. (ECF No. 79).

5

Magistrate Judge Grand acknowledged that the Sixth Circuit had previously ruled that Burnett's allegations were far-fetched but not fantastical or delusional enough to justify dismissal. (ECF No. 78, PageID.547, n.3). But at that time, "Burnett had merely alleged that the defendants engaged in that conduct directly" whereas "in his now-operative complaint, Burnett clarifies that there is an 'unknown security device that is a radio controlled device that the defendants are using to communicate with him and put human waste in his mouth.'" (*Id.*) (cleaned up). Noting that in its previous order the Sixth Circuit had specifically recognized that such bizarre allegations were delusional, Magistrate Judge Grand determined that Burnett's claims now rose to the level of irrational or wholly incredible. (*Id.* at PageID.547). The report and recommendation also identified numerous other cases in which Burnett has raised similar allegations which have been deemed delusional. (*Id.* at PageID.547-48).

Burnett filed an objection to the report and recommendation. (ECF No. 84). He urges that there "is nothing fantastic and delusional about prison officials making use of a computer operated ('radio controlled') security device to carry sound to plaintiff's ear and feces and semen to his mouth." (*Id.* at PageID.569-70). He also repeats his assertion that "his mother was sexually assaulted in a similar way, during a visit at the correctional facility" and again attaches what he asserts is a declaration from her, this time with a signature page. (*Id.* at PageID.570, 574).

6

Burnett states that he has "never waivered from his position that the defendants made use of the safety systems to put human waste in his mouth, including on appeal to the Sixth Circuit." (*Id.* at PageID.570). He further objects to the recommended dismissal because he "set forth separate claims" alleging forced administration of antipsychotic medication and that he was retaliated against by being prescribed antipsychotic medication only after he filed a grievance against prison officials for putting human waste in his mouth. (*Id.* at PageID.571). Defendants filed a response urging this Court to reject Burnett's objections to Magistrate Judge Grand's report and recommendation. (ECF No. 85).

The Court agrees with Burnett that his initial complaint alleged that "MDOC safety systems [were used] to gain access to [him] and to physically assault [him] with feces and other bodily fluids." (ECF No. 1, PageID.3). The phrase, however, was undefined in his first complaint and could have referred to a wide variety of apparatuses and situations. Burnett's new clarification, that the "unknown security device is a radio controlled device that the defendants are using to communicate with me and put human waste in my mouth," is entirely fantastic. (ECF No. 67, PageID.480); *see also* (ECF No. 84, PageID. 569-70) (further specifying that he refers to a "computer operated ('radio controlled') security device to carry sound to plaintiff's ear and feces and semen to his mouth"). And although he does raise multiple claims in the second amended complaint, as Magistrate Judge Grand

7

found, underpinning all of Burnett's allegations are delusional claims that defendants were using the security device to put human waste and semen in his mouth and to direct racial slurs at him. This Court agrees with Magistrate Judge Grand that the second amended complaint raises only fantastic and delusional claims. Accordingly,

IT IS ORDERED that Burnett's objection to the October 7, 2022, report and recommendation is OVERRULED.

IT IS FURTHER ORDERED that the October 7, 2022, report and recommendation to dismiss, sua sponte, the second amended complaint, is ADOPTED. Burnett's second amended complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

IT IS FURTHER ORDERED that Burnett's motion for a temporary restraining order (ECF No. 77) is denied as MOOT.

**IT IS SO ORDERED.**

                                                s/Bernard A. Friedman
                                                Hon. Bernard A. Friedman
                                                Senior United States District Judge

Dated: December 28, 2022
       Detroit, Michigan